**Avtar Singh BHULLAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72350.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stephanie Hamilton Borchers, United States Attorney, Fresno, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Avtar Singh Bhullar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Cano–Merida v. INS,* 311 F.3d 960,

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Bhullar's motion to reopen because Bhullar failed to present material evidence of changed circumstances in India. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

The BIA also acted within its discretion in denying Bhullar's motion to reconsider as untimely because it was filed more than thirty days after the BIA's final order. *See* 8 U.S.C. § 1229a(c)(6)(B) (motion to reconsider must be filed within 30 days of the final administrative order).

To the extent Bhullar challenges the BIA's December 20, 2005, order dismissing his appeal, we lack jurisdiction because he did not timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**